UNITED STATES, Appellee,

v.

Private First Class Richard L. SCHLEGEL, SSN 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, United States Army, Appellant.

CM 436854.

U. S. Army Court of Military Review.

30 May 1979.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, Captain R. Wade Curtis, JAGC, and Martha Louise Caron, Esquire, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Major Robert B. Williams, JAGC, and Captain Harry J. Gruchala, JAGC, were on the pleadings for appellee.

Before MITCHELL, DRIBBEN and FELDER, Appellate Military Judges.

## OPINION OF THE COURT

FELDER, Judge:

The appellant was convicted of rape and sodomy and sentenced to a dishonorable discharge, confinement at hard labor for ten years and reduction to Private E1. The findings of guilty were established beyond a reasonable doubt but I am concerned about the appropriateness of the sentence. In addition to the facts of the case, the character of both the appellant and victim are worthwhile considerations in assessing the punishment. See United States v. Shields, 40 C.M.R. 546 (A.B.R.1969); Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 199b.

The victim, a run-a-way from a female reformatory, was fourteen years old with a notorious reputation for sexual promiscuity and harlotry. Her claimed age of eighteen and advanced physical development camouflaged her actual tender years. She was proud of her reputation and boasted of having sodomitic relations on previous occasions. The incident involving the appellant was not reported to officials for several days and she suffered very minor physical injury. In fact, the day after the incident she voluntarily engaged in carnal copulation with another soldier. Conversely, the appellant had an unblemished record. Parenthetically, I am not unmindful that a co-actor was acquitted of the same charges. In my opinion, the sentence is disproportionate and clemency is warranted. Article 66(c), UCMJ, 10 U.S.C. § 866(c).

The findings of guilty are affirmed. On the basis of consideration of the entire record, only so much of the sentence as provides for a dishonorable discharge, confinement at hard labor for five years, and reduction to Private E–1 is affirmed.

DRIBBEN, Judge, concurring in part and dissenting in part:

### I

I concur in affirming the findings of guilty. Unlike the majority, I would also affirm the sentence as adjudged by the court members and approved by the convening authority.

Judge Felder's and my review of the credible evidence of record led us to conclude beyond a reasonable doubt that the verdict of the court-martial was correct. See Article 66(c), Uniform Code of Military Justice, 10 U.S.C. § 866. Senior Judge Mitchell concludes otherwise. He points out that the defense included the testimony of four witnesses who placed appellant in a local bar at the time of the offenses in question. Included was a barmaid affiliated with that establishment, who, my learned brother contends, had no discernable reason to lie.

Three of these witnesses were acquaintances if not friends of appellant. It may reasonably be inferred that they were familiar with the victim's "notorious" reputation (as described by Judge Felder) for "sexual promiscuity and harlotry." It may also reasonably be inferred that they were not going to stand mute while their fellow soldier underwent trial and faced the possibility of life imprisonment for "raping a whore." In this regard, I turn to words of Senior Judge Mitchell in another case involving sexual misconduct, wherein he said "What we know as individuals we should not ignore as judges."[1] The barmaid also had a discernable reason to lie. She wanted to keep her paying customers.

### II

My brothers in determining an appropriate sentence for appellant focus on the sexual history of the complainant rather than considering the vicious nature of the crimes committed against her. Surely, her attacker is neither less guilty nor less deserving of punishment because of her soiled reputation. The majority, to the extent they evaluate the sentence of an appellant on the private life of his victim, deprive both him

---

1. United States v. Dunlop, CM 435237 (ACMR 16 January 1979) (Mitchell, J., dissenting), grant of review vacated as improvidently grant-   ed, 6 M.J. 285, 287 (C.M.A.1979) (Perry, J., dissenting).

and her of due process of law. Why should the reputation or lack of chastity of a victim of rape and forcible sodomy deprive her and, more importantly, society, of seeing that her tormentor receives the sentence he deserves? Others, such as robbery victims, do not have their characters or lack of chastity taken into account when it comes time to consider an appropriate sentence. Ironically, if this victim had been robbed instead of raped and sodomized, her reputation would be irrelevant. Which is the greater wrong? One's material goods can be restored. On the other hand, a veteran prostitute, much less a misguided 14 year old homeless child, may never fully recover from the beastial indignities done to her body by forcible penetration and perverted abuses.

My brothers' characterization of the victim, assuming *ad arguendo*, that such is in any way relevant in considering an appropriate sentence,[2] paints an inaccurate portrait. The victim may, in my opinion, be more accurately pictured as a child abandoned by her family, starved for love, and stunted in her emotional growth. Her reputation for "sexual promiscuity and harlotry" came mostly from her own boasting and imaginings. It does not require psychiatric learning to see that this child sought affection wherever it could be found if only in her daydreams. It does not logically follow from this that she sought to be brutalized in her quest for acceptance. Nevertheless, appellant, a married man of mature years with two children, raped and anally sodomized this child within a matter of days prior to his family's arrival in Germany.

### III

Considering the violent and depraved nature of appellant's acts and the guidance provided by the case of United States v. Varacalle, 4 M.J. 181 (C.M.A.1978) and by

paragraph 76*b*, Manual for Courts-Martial, United States, 1969 (Revised edition), I believe that ten years confinement at hard labor with the other portions of the sentence adjudged and approved by the convening authority is appropriate.

Parenthetically, the fact that appellant's co-actor was acquitted in a separate proceeding tells me that appellant's case was either better prosecuted or his jury was more discerning or both.[3]

MITCHELL, Senior Judge, concurring in part and dissenting in part:

My brothers have by their decision found that the record reflects no self-contradiction, uncertainties, or improbabilities on the part of the alleged victim. They have discovered corroboration, and have chosen to disbelieve all the defense witnesses.[1] I, on the other hand, am not persuaded that his guilt was proved beyond a reasonable doubt. That standard is, of course, the one which we must apply in reviewing *de novo* the findings of appellant's trial, utilizing our power to weigh the evidence, judge the credibility of witnesses and determine controverted questions of fact. *See United States v. Sikorski*, 21 U.S.C.M.A. 345, 45 C.M.R. 119 (1972); Article 66(c), UCMJ, 10 U.S.C. § 866. To borrow a metaphor from our civilian courts—we sit as "a thirteenth juror" and draw our own conclusions as to whether the prosecution has proved its case beyond a reasonable doubt. We must accept reason and common sense as our ultimate authority in resolving the contested issues.

My determination, which I have arrived at independently, happens to coincide precisely with the findings and recommendations made by the officer appointed under Article 32, 10 U.S.C.A. § 832, Uniform Code of Military Justice, to investigate the alleged offenses and with the not guilty ver-

---

**2.** The citations relied upon by the majority involve instances of carnal knowledge (voluntary intercourse) rather than rape.

**3.** It is recognized that the co-actor's jury in the proper exercise of its discretion chose not to believe the evidence presented.

**1.** *See* paragraph 153(a) (Credibility of Witnesses), Manual for Courts-Martial, United States, 1969 (Revised edition).

dict rendered by the trial court in the case of appellant's purported co-actor, tried the day before the case *sub judice.* I simply am not prepared to find that the facts of record prove appellant's adjudged guilt. I find nothing in the testimony of the prosecutrix itself, or any of the circumstances with respect to it, which tends to assure me that her testimony is worthy of that belief necessary to convince me of appellant's guilt to the exclusion of every reasonable doubt. A combination of circumstances may raise reasonable doubt in the minds of the reviewing court where individual circumstances may not, and reversal in the absence of legal error is proper where the reviewing court is not convinced beyond a reasonable doubt of the guilt of the accused.

The critical evidence presented by the Government consisted solely of the testimony of the alleged victim who described the putative sexual assault, and identified the interior of the co-actor's car (where the offenses occurred in part) and a knife owned by appellant as being similar to one that was brandished after the attack. Also introduced was the stipulation of expected testimony of a doctor who found several small bruises on the girl's hips and thighs during an examination conducted four days after the alleged incident.

The evidence arrayed by the defense included, *inter alia,* four witnesses who placed appellant in a local gasthaus at the time of the alleged offense. Included was a barmaid of the tavern who had no discernable reason to prevaricate. In addition to the alibi, appellant also presented evidence of a compelling motive (revenge) for the prosecutrix to lie and to show that she had occasion to see appellant's knife other than at the scene of the claimed assault.

In sum then we have a swearing contest between the two sides. To me the Government's case does not tip the scales sufficiently toward the conclusion of guilt. I, therefore, dissent from my brothers' affirmance of the findings of guilty.

As my fellow judges have determined that the conviction in this case should be affirmed, there still remains the question of what sentence to affirm. To resolve this question, I put aside my earlier conclusions and accede, for this purpose, to their determination of appellant's guilt. Although my beliefs are polar opposites from those of both my brothers on appellant's conviction and in considerable contrast to those of Judge Dribben in identifying the residual injury to the victim and to society in general, I am at one with Judge Felder in his assessment of an appropriate sentence.

Therefore, I join Judge Felder in his finding that a sentence which includes confinement for five years meets the interest of society and the appellant.